

## In re REID.

### Patent Appeal No. 3588.

**Court of Customs and Patent Appeals.**

**Feb. 24, 1936.**

GRAHAM, Presiding Judge, and BLAND, Associate Judge, dissenting.

———◆———

George H. Souther, of Niagara Falls, N. Y., for appellant.

R. F. Whitehead, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

GARRETT, Associate Judge.

Appellant here brings before us for review a decision of the Board of Appeals of the United States Patent Office affirming the decision of the Examiner in rejecting, upon prior art, a claim, numbered 6, of an application for patent relating to storage battery terminal connectors.

The claim reads: "6. A storage battery terminal connector comprising a member having an eye for receiving a battery terminal post, a pair of jaws of semi-circular cross-section integral with said member, the adjacent surfaces of said jaws being recessed to accommodate a cable and the outer surfaces thereof being tapered, a sleeve adapted for longitudinal sliding movement over a portion of said tapered surfaces, the inner surface of said sleeve being tapered whereby movement of said sleeve in one direction will cause said jaws to move toward each other into holding engagement with said cable, thereby causing said member to be clamped to the battery terminal post and movement of said sleeve in the opposite direction will release said jaws and said clamping member."

Three reference patents are contained in the decision appealed from, to wit: Dunning, 476,227, May 31, 1892; Schnabel, 1,537,968, May 19, 1925; Hellman, 1,613,104, Jan. 4, 1927.

Of these references, however, only Schnabel and Dunning are mentioned in the Board's discussion of the appealed claim. The patent to Hellman seems to have been cited in the rejection of other claims, from which rejection no appeal was taken. It does not seem to have any application to the appealed claim, and need not be further considered.

The patent to Schnabel relates to a battery connector. Later reference will be made to its pertinent details. The patent to Dunning relates to a pipe hanger. Its relevancy also will be later discussed.

. According to the teachings of appellant's specification, a disadvantage of the type of terminal connector in the prior art lies in its easy corrosion, which corrosion renders it "extremely difficult" to remove or disconnect the connector from engagement with the battery terminal, and appellant recites that this easy corrosion is principally due to the fact that the connector is held in contact with the battery terminal by a nut and bolt, or other screw-threaded means.

To obviate this, appellant devised a connector whose parts are "frictionally secured in their operative position," thus eliminating the use of screw-threaded elements, and the brief on appellant's behalf states that the gist of the invention lies in this elimination.

The language of the claim is thought to be so clear that no detailed analysis of it is necessary. It will be noted that it contains such limitations as (1) "a pair of jaws of semi-circular cross-section * * *"; (2) "the adjacent surfaces of said jaws being recessed * * * and the outer surfaces thereof being tapered"; and (3) "a sleeve * * * the inner surface of said sleeve being tapered."

The foregoing limitations are here quoted principally because of their having been emphasized in the brief on behalf of appellant. It is supposed that they were so emphasized in order to direct attention to structural differences between the device of appellant and that of Dunning, because

it does not seem to be seriously questioned that Schnabel's battery connector shows semicircular cross-section jaw members having tapered outer surfaces and a tapered nut, which tapered nut apparently was regarded by the tribunals of the Patent Office as being the equivalent of appellant's tapered sleeve. The essential distinction between the structure of appellant and that of Schnabel is that Schnabel's connector device, taken in its entirety, is one combining screw-threaded elements while appellant's device eliminates these and substitutes elements frictionally engaged.

The patent to Dunning relates to a pipe hanger and is not in any way connected with the battery art. It does show, to use the language of the Board, "an unthreaded clamping sleeve which engages over the meeting parts of a member which serves to embrace two elements which are to be connected, in Dunning's case a pipe and a supporting screw."

If nothing were involved in appellant's efforts save that of forming a joint by holding certain unthreaded elements together by means of an unthreaded sleeve, the Dunning device (disregarding structural differences) possibly should be held to constitute an anticipation, but, as of course, much more than that is involved. As is recognized by the tribunals of the Patent Office, Dunning and appellant were working in entirely different fields and seeking to solve entirely different problems, problems arising in wholly unrelated arts.

It seems to us that, even conceding appellant's joint structure to be old as illustrated by Dunning, the issue here must turn upon whether there was invention in applying such joint structure as appellant has applied it, and we feel constrained to disagree with the Board of Appeals in the conclusion that the substitution of such structure for the structure of Schnabel "is an obvious thing to do."

The particular problem which appellant sought to solve, and which we must assume he did solve, viz., the prevention of corrosion, must be borne in mind, and also it must be borne in mind that, according to his teaching, that problem grew out of the screw-threaded means which Schnabel used. Appellant was not seeking simply to provide a battery terminal connector, but a connector which would bring about a new and distinct result, and to accomplish this result he applied means different from the means which he declares produced the problem.

It is our view that the claim should be allowed, and therefore the decision of the Board of Appeals is reversed.

Reversed.

GRAHAM, Presiding Judge, and BLAND, Judge (dissenting).

We are unable to escape the conclusion that the reference patent to Dunning discloses a connector practically the same as that shown by this application. Both the application here and the Dunning patent relate to joint structure. We are therefore of the opinion that the claim herein is not patentable, for the reason that it would not require invention to use the Dunning structure in appellant's device.